## Manhattan Life Insurance Co. *versus* McLaughlin.

1. The object of the 1st sect. of Act of June 16th 1836 (Voluntary Arbitrations), is to furnish a mode for terminating in one submission as many controversies as might exist between the parties.

2. The 3d sect. of the act, providing for consent to a rule of court submitting the facts and reserving questions of law to the court, &c., must be in writing.

3. When the submission under the 3d section is of an action pending, there need be no stipulation that it be made a rule of court; that is implied.

4. The agreement in writing fixes and defines the powers of the referees.

5. It was agreed by writing filed that a case pending "be referred to (three referees) without exception or appeal." The referees made an award for plaintiff and added that the parties had agreed they should certify to the court their finding of the facts and that the award should be reviewed by the court; they reported the facts. On exceptions the court, on questions of law arising on the facts, set aside the award and entered judgment for the defendant. *Held* to be error.

6. The averment by the referees accompanying their award that a change had been made in the powers committed to them could not be permitted to contradict the writing.

7. The agreement certified by the arbitrators being without authority, the facts reported by them were not before the court, which had therefore no power of revision, and judgment should have been entered on the award.

8. McCahan *v.* Reamy, 9 Casey 535; Rogers *v.* Playford, 2 Jones 181; Shisler *v.* Keavy, 25 P. F. Smith 79, followed.

October — 1875. Before AGNEW, C. J., SHARSWOOD, WILLIAMS, MERCUR, GORDON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Allegheny county :* Of October and November Term 1875, No. 220.

This was a capias in case, issued to December Term 1871 of the court below, by the Manhattan Life Insurance Company of New York against John Y. McLaughlin.

The affidavit of claim by the plaintiffs was that the defendant was indebted to them in the sum of $6838,69, exhibited by a bill of items annexed to the affidavit and arising under the following circumstances : The defendant was appointed agent of the plaintiffs April 16th 1868, and continued until about April 1st 1871; during which time he collected money for plaintiffs which he was

[Manhattan Life Insurance Co. *v.* McLaughlin.]

required to report monthly ; that he ostensibly so reported, but that he failed to report the amounts contained in the bill of items, which he received and, with intent to defraud the plaintiffs, converted to his own use. The plaintiffs concluded their affidavit with a prayer that a capias might issue and defendant be held in sufficient bail, &c.

Upon this affidavit the court held the defendant in $7000 bail, and afterwards, on application, abated the capias and discharged the sureties in the bail-bonds.

The parties then filed the following agreement :—

" And now, January 29th 1873, it is hereby agreed that the above case be referred to J. W. Kirker, J. S. Ferguson and J. W. Hall, Esquires, without exception or appeal."

The arbitrators met first on the 25th of March 1873, and sat by adjournment on a great number of days.

Their award, after setting out the various meetings, was as follows :—

" And now, October 4th 1873, arbitrators met at the time and place appointed, and having fully heard the evidence and allegations of the respective parties, do award in favor of the plaintiffs the sum of $7867.91.

" And the said arbitrators do certify to the court, that it was agreed between the respective counsel of said plaintiffs and defendant, that the said arbitrators should certify to the court their findings with reference to the facts attending the authority to said plaintiffs to do business within the state Pennsylvania and the appointment of said defendant as agent of said company, it being understood and agreed by the said parties, through their respective counsel, that upon said findings the award of the arbitrators should be reviewed by the said Court of Common Pleas, with the right to either party to sue out a writ of error to the decision of the court."

Then follow findings of fact by the arbitrators as to the matters above stated: amongst others, that the defendant had not been appointed, as required by the Act of April 11th 1868, relating to foreign insurance companies.

The defendant filed exceptions to the award, that as the defendant had not been appointed as required by the statute, and the claim being based on the violation of a statute, the plaintiffs could not recover.

The court (Sterrett, P. J.) set aside the award and directed that judgment be entered for the defendant with costs.

The plaintiffs took a writ of error ; they assigned for error :—

1. Quashing the capias and releasing the sureties.

2, 3. Setting aside the award.

4. Allowing exceptions to be filed, the parties having agreed in their submission that the award should be final without exceptions or appeal.

*F. M. Magee* and *T. M. Bayne*, for plaintiffs in error.

The reporter received no paper-book from the defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, November 22d 1875.

This record shows an agreement in writing, to refer a pending suit. The first section of the Act of 16th June 1836, Purd. Dig. 77, pl. 2, relating to "Voluntary Arbitrations," makes it lawful "for *all persons* desirous to end by arbitration any controversy, suit or quarrel, except such as respects the title of real estate, to agree in writing that their submission of the same to the award or umpirage of any person or persons shall be made a rule of any court of record of this Commonwealth having jurisdiction which the parties shall choose." The object of this section was to furnish a mode by which all persons might terminate in one submission as many controversies as might exist between them, excluding only those respecting the title of real estate. The 3d section of the Act of 16th June 1836, Purd. Dig. 78, pl. 4, makes it "lawful for the parties to any suit to consent as aforesaid." That is, *in writing*, as required by the first section " to a rule of court for referring all matters of fact in controversy in such suit to referees as aforesaid, reserving all matters of law arising thereupon for the decision of the court, and the report of such referees, setting forth the facts found by them, shall have the same effect as a special verdict." When the submission is under this section, of an action pending, it is not necessary to stipulate that it be made a rule of court. If a contrary intent does not appear, consent will be implied: Painter *v.* Kistler, 9 P. F. Smith 331; Reading Industrial Manufacturing Co. *v.* Graeff, 14 Id. 395.

The agreement in writing fixes and defines the powers given to the referees. The written agreement, filed of record in this case, contains no stipulation, either expressed or implied, that the referees should find the facts only, and the court declare the law thereon. It was expressly agreed that the case be referred to the three referees named " without exception or appeal."

It has been frequently held that the parties to a suit may, by such an agreement, put the award of referees beyond the reach of further inquiry or revision : Rogers *et al. v.* Playford, 2 Jones 181 ; McCahan *v.* Reamy, 9 Casey 535; Shisler *v.* Keavy, 25 P. F. Smith 79.

Under this agreement in writing, that their award should be final, the referees were appointed. They reported that after being duly sworn, and after numerous meetings and adjournments, " and having fully heard the evidence and allegations of the respective parties, do award in favor of the plaintiff the sum of seven thousand eight hundred and sixty-seven and 91-100th dollars."

Having thus made their award, they went on to certify substan-

[Manhattan Life Insurance Co. *v.* McLaughlin.]

tially, that it was agreed between the respective counsel of the parties, that they should certify to the court their finding of the facts on which they based their award, and that the award should be reviewed by the court, and thereupon they report the facts.

On exceptions filed by the defendant to the sufficiency of the facts thus returned, the court set aside the whole award and entered judgment in favor of the defendant.

All the assignments of error, except the first, which is not sustained, relate to this action of the court.

The question presented is, whether this certificate by the arbitrators of a parol agreement of the counsel of the parties, and the arbitrators' finding of facts, justify the judgment of the court below.

We have shown the statute requires the agreement of submission to be in writing, and that it was in writing. Under that written agreement alone the arbitrators were appointed. By its express terms their decision was to be final without exception or appeal. They made an award full and complete in itself.

Can an averment by them of a radical change of the duties and powers delegated to them in writing, repudiated by the plaintiff, be permitted to contradict the written agreement? We think it cannot. The power of revision taken from the court by the written agreement of the parties cannot thus by the naked certificate of the arbitrators be restored to the court. It is in conflict with the rules of evidence, which will not permit a written instrument to be contradicted by parol, except for fraud, mistake or trust. Neither is alleged in this case. If, however, it be claimed that the parol agreement was subsequent, and superseded the written agreement, it is fully as objectionable. It is not claimed that it proves a common-law submission. The effect then would be to prove a parol submission of a pending suit, under a statute, when the statute authorizes a submission by agreement in writing only.

It follows, then, that the certificate of the arbitrators was without authority; the facts therein recited were not legally before the court, and the court had no power of revision.

This view of the case makes it unnecessary to consider those alleged facts. They are not legally here. The learned judge, therefore, erred in setting aside the award and in entering judgment in favor of the defendant. The plaintiff was entitled to a judgment on the award. The assignments are sustained.

> Judgment reversed. And now, judgment is entered in favor of the plaintiffs on the award.