# Daniel English *v.* Wilmerding Borough School District, Appellant.

*Arbitration—Conclusiveness of award—Evidence—Contract.*

Where a contract contains a stipulation that all questions in dispute arising thereunder shall be submitted to an arbitrator for final decision, the award of the arbitrator is final if no fraud has been practiced upon or by him.

A mistake of one of the parties in not submitting to the arbitrator all of the evidence as to payments which he had in his possession, is not sufficient to justify the court in permitting a defence to the amount of such payments, in a suit upon the award.

Argued Oct. 30, 1894.    Appeal, No. 196, Oct. T., 1894, by defendants, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1892, No. 548, on verdict for plaintiff.    Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Assumpsit on award of arbitrators.    Before McCLUNG, J.

At the trial it appeared that, on Nov. 7, 1890, plaintiff and defendant, the school district of the borough of Wilmerding, entered into a written contract for the erection of a public school building in said borough.    The architect, T. D. Evans, was appointed arbitrator, a clause in the contract providing " that, in case any question or dispute between the parties shall arise under the contract, or touching the quantity, quality or value of any work done or material furnished thereunder, the same shall be referred to T. D. Evans, architect, whose decision shall be final and conclusive, and the said Daniel English hereby waives and releases all right of action and suit at law under and by virtue of this contract."

In the early part of October, 1892, the architect notified the parties that he had found in favor of plaintiff for $6,295.71, and that, while he had not drawn his award, the data from which it would be drawn could be seen at his office.

On Oct. 27, 1892, the architect framed his award, and presented to each party a copy of the same.

On Nov. 1, 1892, suit was brought by plaintiff on the award, as well as for some extra sewer work not included in the controversy before the architect.

Defendants offered to prove by T. D. Evans, the architect: (1) That the payments under the original contract were not in dispute. (2) That, in relation to the payments made by the school board, the witness exercised no judgment when the matter came before him. (3) That there was a mistake in the calculation of the payments under the original contract. (4) That by paper filed Nov. 1st, showing this mistake, the final award was reduced to that extent, to wit, the sum of $2,250. Objected to.

The Court: The offer not including an offer to show that the evidence was before the arbitrator, the objection is sustained and bill sealed. [1]

Defendants then proposed to show that immediately upon the architect giving notice that his award was prepared, and of the amount that he had awarded Mr. English, and of the amount of payments that he gave the school board credit for, they called his attention to the two payments, one on estimate No. 1, and the other estimate No. 8, for $375 and $1,875 respectively, and that he immediately notified Mr. English of the reduction of the award to that amount. By the Court: You propose then to show that they offered him further evidence of payments, and that he then reduced the award. Mr. McIlvain: That's the effect of it. Objected to as incompetent and irrelevant. Objection sustained. Bill sealed. [2]

Defendants then proposed to prove the amount of payments made under the original contract; this for the purpose of showing a mistake in the arbitrator's award to Mr. English; also that the arbitrator immediately notified Mr. English of that mistake; this to be followed further by the production of the several vouchers and checks made in payment of the original contract. Objected to as incompetent and irrelevant. By the Court: The defendant has not, at least so far, laid the foundation for attacking this award. Objection sustained. Bill sealed. [3]

Defendants proposed to prove by G. W. Wurzell, Esq., that he was the attorney for the school board, and appeared before the arbitrator at each of the several meetings in this case, and that the question of payment of money by the school board to plaintiff was not called in question or disputed; that it was not a question which was to be passed on by the arbitrator, and

was so considered by both the attorney for plaintiff and himself as attorney for defendant; that the amount of money paid by defendant to plaintiff was handed to the arbitrator so that he might strike a balance after passing judgment upon the disputed points. Objected to as incompetent and irrelevant. Objection sustained. Bill sealed. [4]

Defendant then offered to prove by the witness on the stand that prior to suit brought upon the award, he gave notice of the amendment of the award by the arbitrator to plaintiff's counsel, and that plaintiff himself admitted to have received the payments on estimates Nos. 1 and 8. Objected to as incompetent and irrelevant. Objection sustained. Bill sealed. [5]

The court gave binding instructions for plaintiff on the ground that it appeared to have been no mistake of the arbitrator, but simply a neglect of one party to submit all their testimony. [6]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–5) rulings; (6) instructions; quoting bills of exception and instructions.

*Thomas C. Lazear, Charles P. Orr, Charles G. McIlvain* and *George W. Wurzell* with him, for appellants, cited: Hostetter v. Pittsburg, 107 Pa. 424; Graham v. Graham, 9 Pa. 254; Morse on Arbitration, 316, 504, 572; Spurck v. Crook, 19 Ill. 415; Ravee v. Farmer, 4 T. R., 146; Russell on Arbitration, 3d ed. *296, *635–7; 2 Pars. Cont. 698; Tandy v. Tandy, 9 Dowl. 1044.

*James Balph, R. A. Balph* with him, for appellee, cited: Hamilton v. Hart, 125 Pa. 142.

PER CURIAM, Nov. 12, 1894:

Although this case appears to be one of much hardship to the defendant, we do not see how we can grant any relief. The rule so carefully and thoroughly considered and enforced in Hostetter v. City of Pittsburg, 107 Pa. 419, is directly applicable to the case and controls it. That rule is too useful and valuable to our system of jurisprudence to be frittered away in particular cases in order that special hardships may be pre-

vented. The question of payments was clearly within the cog-
nizance of the arbitrator, and by the express terms of the contract
both parties were conclusively bound by his decision.

Judgment affirmed.