# Klingensmith *v.* West Leechburg Steel & Tin Plate Company.

*Arbitration—Award—Mistake.*

Where an agreement for arbitration provides that the award of three arbitrators shall be final and without exception or appeal, and the arbitrators award in favor of the plaintiff, but on the day following all three of the arbitrators petition the court to have the award referred back to them, so that they might correct a mistake of fact as to a certain payment, and the plaintiff files an affidavit denying that any such mistake had been made, the court will not refer the award back to the arbitrators.

Argued April 18, 1901. Appeal, No. 77, April T., 1901, by defendant, from order of C. P. Westmoreland Co., May T., 1899, No. 761, refusing to refer an award back to arbitrators, in case of H. W. Klingensmith v. West Leechburg Steel & Tin Plate Company. Before RICE, P. J., BEAVER, ORLADY, and W. D. PORTER, JJ. Affirmed.

Petition to refer award back to arbitrators.

The first petition of the three arbitrators was as follows:

1. That in making the award in favor of the plaintiff at the above stated case for $1,030 and interest from May 16, 1898, and costs, your petitioners under a misapprehension of their duties made out their award without allowing credit to the defendant for the order issued by the plaintiff to Heilman Bros., of Kittanning, and which was paid by the defendant August 3, 1898, for the sum of $444. This credit of $444 should have been allowed and deducted from the said $1,030, but, by mis-

take, the said credit was not allowed by us in making the award.    All other matters submitted were disposed of by your petitioners.

2. That since making out said award your petitioners have learned that the said H. W. Klingensmith objects to the allowance of the said order as a credit on the award, and that the said award has been filed in your honorable court.

Your petitioners therefore pray that the award be referred back to us so that the mistake of not allowing credit for said order of $444 be corrected by us and award properly made, according to the facts and law.

The facts appear by the opinion of the Superior Court.

The court refused to order the award to be referred back to the arbitrator.

*Error assigned* was the order of the court.

*John E. Kunkle,* with him *Edward E. Robbins,* for appellant. —The award should have been referred back to the arbitrators: Gunn v. Bowers, 126 Pa. 552; Reynolds v. Creveling, Miles & Co., 177 Pa. 267; Rank v. Rank, 21 W. N. C. 399; Kidd v. Emmett, 72 Pa. 150; Christmas v. Thompson, 3 S. & R. 133; Snyder v. Hoffman, 1 Binney, 43.

*M. N. McGeary,* with him *J. R. Spiegel,* for appellee.—If an agreement to submit a case to arbitration provide that the award shall be final and conclusive, and that neither party shall have a right to appeal or file exceptions to it, the parties are concluded by their agreement, and have withdrawn from the court its power to rectify a mistake of fact on the part of the referees, on exceptions filed to their award: McCahan v. Reamey, 33 Pa. 535; Wightman v. Pettis, 29 Pa. 283; Gunn v. Bowers, 126 Pa. 552; Speer v. Bidwell, 44 Pa. 23; English v. Wilmerding Boro. School District, 165 Pa. 21; Shisler v. Keavy, 75 Pa. 79; Manhattan Life Ins. Co. v. McLaughlin, 80 Pa. 53; Ranck v. Becker, 12 S. & R. 416; Cuncle v. Dripps, 3 P. & W. 291; Kidd v. Emmett, 72 Pa. 150.

OPINION BY ORLADY, J., May 23, 1901:
The parties to this action, being desirous to end a certain

controversy as well as all other matters and things at variance between them, agreed in writing to submit the same for a final and conclusive arbitrament, without exception or appeal, to three named persons, or to two of them if in accord. Such persons, pursuant to the submission, met and, after being duly sworn according to law, and hearing the said parties, their proofs, and allegations, signed their award on August 18, 1898, in favor of the plaintiff for $1,030, interest and costs, which was filed in the court of common pleas on May 2, 1899. The defendant filed exceptions to this award of arbitration on the same day that it was filed of record, and the following day a petition signed by all the arbitrators was presented to the court in which they allege that under a misapprehension of their duties they had made out their award without having allowed credit to the defendant for an order of $444, which should have been deducted from the amount of the award, and prayed that the award should be referred back to them so that the mistake might be corrected. This petition was subscribed by the arbitrators and verified by their affidavits on September 23, 1898. The plaintiff filed an answer to the petition in which the facts relied upon by the arbitrators were substantially denied by him. The rule was discharged by the court and on February 13, 1900, the arbitrators and the defendant joined in another petition, praying that the award be referred back so that an error and mistake made by the arbitrators might be corrected, and giving additional reasons to the one given in the former petition; in reply to which the plaintiff filed his own affidavit denying the special fact in controversy. After argument the court refused to grant a rehearing and discharged the rule; a judgment was then entered on the award.

The appellant admits that the only question before this court is whether upon the petition of the arbitrators the award should be referred back to them for the correction of an alleged mistake of their own. It is not clear from the record that a mistake was made, but if made it was one of fact over which they had full control before they filed the award, and since they had knowledge of the alleged mistake on September 23, 1898, it is strange that they should have persisted in the error by filling the award on May 3, 1899. The parties voluntarily submitted this question to arbitrators of their own selection, before whom

they had a full hearing and an exhibition of their respective accounts. It is not alleged that the arbitrators misbehaved, nor that the award was procured by corrupt or undue means. The plain mistake in matter of fact or matter of law which would warrant the court, under the provisions of the act of June 16, 1836, to refer the cause back to the same referees for such further or other proceedings therein as should be expedient, is not so manifest and unquestionable as to justify a reversal of this judgment. After a trial before a jury the same facts would not be sufficient to reverse the court below if the verdict were not set aside or a new trial granted.

The object of such a reference is to expedite the settlement of disputes, and as was said in English v. Wilmerding Boro. School District, 165 Pa. 21, the rule is too useful and valuable to our system of jurisprudence to be frittered away in particular cases in order that special hardships may be prevented. The question of payments was clearly within the cognizance of the arbitrators, and by the express terms of the contract of submission, both parties were conclusively bound by the award.

This decision of the Supreme Court followed what had been the well established practice under the act of 1836 in Wightman v. Pettis, 29 Pa. 283, McCahan v. Reamey, 33 Pa. 535, Speer v. Bidwell, 44 Pa. 23, Shisler v. Keavy, 75 Pa. 79, Manhattan Life Insurance Co. v. McLaughlin, 80 Pa. 53, Lewis's Appeal, 91 Pa. 359, Gunn v. Bowers, 126 Pa. 552, and Hostetter v. City of Pittsburg, 107 Pa. 419.

By signing such a submission and withdrawing the dispute from the established common-law courts, the parties precluded themselves by their own agreement, unless the exceptional case should come clearly and unquestionably within the provisions provided by the act of 1836. A misapprehension of duty cannot be converted into a mere clerical error under such contradictory statements as are presented on this record. The court below properly refused to reopen a controversy that had been concluded by the tribunal selected by the parties.

The judgment is affirmed.