Shippen, President.
 

 The determination of causes by referees, under a rule of court, has become so frequent and useful a practice, and is attended with so many advantages towards the summary administration of justice, that it would be extremely mischievous to shake their reports, by captious objections, where the substantial rules of justice are not violated. The merits of the cause are solely submitted to them, as judges of the parties’ own choosing, and are not afterwards inquired into by the court, unless there should appear a plain mistake of the law or fact.
 

 *As to the forms of their proceeding, both parties should have an opportunity of being heard, and that in the presence of each other, that they may be enabled to apply their testimony to the allegations. The witnesses, on both sides, are likewise to give their evidence in the presence of the parties, that they may have an opportunity of cross-examining them,
 
 (a)
 
 No surprise is permitted, such as refusing the parties a reasonable time to bring forward their witnesses, or refusing to hear them when they are brought,
 

 (b)
 

 These rules, or similar ones, are founded in natural justice, and are absolutely necessary for the due administration of justice in every form whatever.
 

 As to the kind of evidence which the referees may hear, there always has been, and must necessarily be, in this kind of tribunal, a very great latitude. The parties, generally unassisted by counsel, are permitted to relate their own stories, and confront each other; their witnesses are heard, even without an oath, unless the contrary is stipulated, or the referees require it. Books and papers are inspected and examined by them, without regard to their being such as would be strictly evidence in a court of law. And this practice being known to both parties, before they agree to the reference,
 
 *167
 
 and the advantages arising from it being mutual, there seems no just ^eason to complain of it.
 
 [1]
 

 In public trials, in courts of law, the judges sit to superintend the evidence ; no interested witnesses are, in general, permitted to give evidence to the jury; but referees occupy the office both of judge and jurymen; their discretion, therefore, must'necessarily be much relied on, and as they are generally unacquainted with the artificial rules of law, they must be guided principally by their own reason. If we were once to set aside a report, because the refeiees had heard an interested witness, we should open a door for such a variety of objections, that scarcely a single report would stand the test. Papers not formally or legally proved, or hearsay evidence admitted, would be as fatal to reports, as the admission of interested witnesses, being equal violations of the rules of evidence.
 

 Rule discharged.
 

 (a)
 

 Thus, in Hagner v. Musgrove,
 
 ante,
 
 p. 86, a report of referees was set aside, be cause they had ordered the parties to withdraw, and examined the witnesses out of their hearing. And see Chaplin
 
 v.
 
 Kirwan,
 
 post,
 
 p. 187; Passmore v. Pettit, 4 Dall. 271.
 

 (b)
 

 5) Thus, where referees had refused the defendant time to obtain testimony from a foreign place, and there was no reason to suppose that the object in asking it was mere delay, the report was set aside. Passmore v. Pettit, 4 Dall. 271. But to entitle a party to further time, to produce testimony, he must show them what it is, why he is not able then to produce it, and that he expects to be able to produce it in a reasonable time. A naked allegation that he desires further time, is not sufficient. Latimer
 
 v.
 
 Ridge, 1 Binn. 458.
 

 [1]
 

 Where the parties manage their own ease, without the assistance of counsel, the court will not be nice in scanning the proceedings before the arbitrators. Fairchild
 
 v.
 
 Hart, 1 Phila. 227.