## Weiss *v.* Zerman Realty and Construction Company, Inc. (et al., Appellant).

Submitted December 12, 1968. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and HANNUM, JJ.

*Ernest R. Zerman,* appellant, in propria persona.

*Louis Kattelman,* for appellee.

OPINION PER CURIAM, March 20, 1969:
Order affirmed.

———

DISSENTING OPINION BY HOFFMAN, J.:
This is an appeal from the entry of summary judgment pursuant to Pennsylvania Rule of Civil Procedure No. 1035.

Appellees brought an action in assumpsit in the County Court of Philadelphia to enforce an arbitrator's award. The complaint alleged that the parties hereto entered into an Agreement of Sale under which ". . . either party may initiate proceedings before the American Arbitration Association to resolve any outstanding conflicts herein or with regard to the said Agreement of Sale . . . and the parties agreed to be bound thereby . . ." Disputes arose over the workmanship in the premises which were the subject of the agreement and appellees submitted the dispute to arbitration. At a hearing the arbitrator awarded appellees $1133.00 which defendants have refused to pay, together with interest running from the date of the arbitration award. Cf. *Smith v. Safeguard Mutual Insurance Company,* 212 Pa. Superior Ct. 83, 239 A. 2d 824 (1968).

Appellant's answer maintained that he should not be bound by the arbitrator's award because the arbitration "hearing was conducted in an unfair, . . . ille-

gal, . . . and bias (sic) manner. The defendants were not permitted upon request, to present their expert testimony. . . . Said Arbitrator denied to the defendants the right to present expert testimony to show that said work was completed in accordance with said agreement in a workmanlike manner. Said Arbitrator refused to allow defendants to present testimony to show the arrest and forceful eviction of the defendants from said premises and thereby thru force and illegal actions prevent completion of said work in accordance with said agreement."

Appellees moved for judgment on the pleadings on the grounds that appellants failed "to state a legal defense to their claim." Summary judgment in appellee's favor was entered and this appeal followed.

It is undisputed that the arbitration proceedings in this case are governed by common law arbitration. Where " 'the agreement to arbitrate does not itself determine whether the Act of April 25, 1927, P. L. 381, 5 P.S. §173 or common law rules are controlling . . . and (when) there is no evidence that both parties subsequently agreed, either expressly or by implication, to apply the Act, common law rules must control the enforcement of the award.' The instant agreement makes no reference to the Arbitration Act, and the record reveals no agreement between the parties that that Act was to be followed in pursuing the arbitration of grievances. Consequently, the rules of common law arbitration are here controlling, . . ." *Keller v. Local 249 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America*, 423 Pa. 353, 223 A. 2d 724 (1966).

Judicial review of common law arbitration proceedings may only be had if a party was *"denied a hearing* or [if] there was fraud, misconduct, corruption or some other irregularity of this nature on the part of

the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either." *Harwitz v. Selas Corp. of America*, 406 Pa. 539, 178 A. 2d 617 (1962), cited with approval in *Keller*, supra at 355. (Emphasis added)

Specifically, in common law arbitration, "each side is entitled to be heard and to be present when the other party's evidence is being given." *Scholler Bros., Inc. v. Hagen Corp.*, 158 Pa. Superior Ct. 174, 44 A. 2d 321 (1945). Denial of a party's right to a hearing avoids the award made by the arbitrator and it is immaterial that the arbitrators did not intend to act wrongfully in denying a party opportunity to be heard. *Curran v. Philadelphia*, 264 Pa. 111, 107 Atl. 636 (1919). The hearing cannot be ex parte as an arbitration case is in the nature of a judicial inquiry. *Philadelphia Housing Authority v. Turner Construction Co.*, 343 Pa. 512, 23 A. 2d 426 (1942). For that reason, arbitrators must see to it that their examination is not inadequate or their conduct arbitrary. *Seaboard Surety Co. v. Commonwealth*, 345 Pa. 147, 27 A. 2d 27 (1942); *Scholler Bros. v. Otto A. C. Hagen Corp.*, 158 Pa. Superior Ct. 170, 44 A. 2d 321 (1945). This right has been held to extend to require arbitrators to allow parties to present witnesses and in *Passmore v. Pettit*, 4 Dall. 271 (1803), it was held that where the arbitrator had refused the defendant time to obtain witnesses residing abroad and there was no reason to suppose that the object in asking it was mere delay, the arbitrator's report was set aside.

More recently, the Supreme Court has held that an arbitrator proceeding under common law arbitration may not refuse to hear medical testimony on behalf of the complainant estate "which was relevant and of

great import in the determination of loss of future earnings of the decedent. . . .

"Though the arbitrator's conduct in this case may not have constituted fraud, misconduct, corruption or some other irregularity 'of this nature', yet it was conduct which amounted to a denial of a full and fair hearing of (the estate's) cause of action. It is our opinion, therefore, that the court below properly vacated the award and remanded it for arbitration before another arbitrator." *Smaligo v. Firemen's Fund Insurance Co.*, 432 Pa. 133, 137, 139, 247 A. 2d 577 (1968).

It is true, as was stated in *Hollingsworth v. Leiper*, 1 Dall. 161 (1786) that "as to the kind of evidence which the (arbitration) referees may hear, there always has been, and must necessarily be, in this kind of tribunal, a very great latitude."

Nonetheless, appellant has contended that he was denied by the arbitrators the right to present testimony on material facets of this case. If this denial was without justification, then the arbitration award must be set aside. The pleadings thus raise a genuine issue of fact which must be determined by the trial court.

The hearing on a motion for summary judgment is not a trial on the merits and the court on such motion should not attempt to resolve material questions of fact raised by the pleadings. *Schacter v. Albert*, 212 Pa. Superior Ct. 58, 239 A. 2d 841 (1968). Accordingly, summary judgment should not have been granted as it is applicable only when the case is free and clear from doubt. *Mallesky v. Stevens*, 427 Pa. 352, 235 A. 2d 154 (1967). *Toth v. Philadelphia*, 213 Pa. Superior Ct. 282, 247 A. 2d 629 (1968).

I would vacate the order for summary judgment and order a hearing on the merits.