467 A.2d 1

Sylvia KEHOE, John Kehoe III, and Sylvia Ann Mack, Appellants,

v.

Hazel E. GILROY, Executrix of the Estate of Edmund P. Gilroy, Trustee, and the American Casualty Company of Reading Pennsylvania.

Superior Court of Pennsylvania.

Argued April 7, 1983.

Filed Oct. 7, 1983.

James R. Anzalone, Wilkes-Barre, for appellants.

Blase L. Gavlick, Philadelphia, for Gilroy, appellee.

Enid W. Harris, Wilkes-Barre, for The Amer. Cas., appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

SPAETH, Judge:

This is an appeal from an order sustaining preliminary objections in the nature of a demurrer and dismissing appellants' complaint in equity on the ground that appellants were guilty of laches. Since we find that the record does not disclose laches, we reverse.

On May 10, 1944, Frank M. Kehoe executed an irrevocable deed of trust, naming John C. Kehoe, Jr., trustee. Early in 1964, John Kehoe resigned as trustee and the First National Bank of Pittston was appointed successor trustee, but it too resigned, and on November 25, 1964, Edmund P. Gilroy was appointed successor trustee. On December 3, 1964, Gilroy and the American Casualty Company of Reading, Pennsylvania, posted a $50,000 bond for the faithful performance of the terms of the trust, and on December 11, 1964, Gilroy acknowledged the receipt of the sum of $37,-735.53 as the balance of the trust principal.

The deed of trust directed that income was to be paid to Frank Kehoe during his life and after his death to his wife, Sylvia Kehoe, during her life, and after her death, principal to be paid to her children, John Kehoe, III, and Sylvia Ann Mack.

On July 1, 1969, Edmund Gilroy, the trustee, died, and letters testamentary were issued to his wife, Hazel E. Gilroy. On January 10, 1975, Frank Kehoe, the settlor, died. On January 24, 1977, Sylvia Kehoe, John Kehoe, III, and Sylvia Ann Mack brought this action in equity against Hazel Gilroy, as Edmund Gilroy's executrix, and American Casualty Company, as surety on the bond for Edmund Gilroy's performance as trustee. We shall have occasion to quote the complaint in a moment. Stated generally, it alleges: the terms and history of the trust; that Sylvia Kehoe has received no income since the death of her husband, Frank Kehoe, the settlor; that Edmund Gilroy, Hazel Gilroy's decedent, failed to perform his obligations as trustee; and that the American Casualty Company has failed to perform its obligations under its bond for Edmund Gilroy's performance. The complaint requests an accounting and distribution.

As defendants, Hazel Gilroy and American Casualty Company each filed preliminary objections. Each set of preliminary objections raised a question of jurisdiction. In its opinion the trial court states that this question has been settled by transferring the action to the Orphans' Court Division, and on this appeal the trial court's jurisdiction has not been questioned.

Hazel Gilroy's preliminary objections include, in addition to a petition raising a question of jurisdiction, a demurrer alleging that the complaint "sounds in assumpsit" and is "barred by the passage of six (6) years from the date of death of Edmund P. Gilroy." American Casualty Company's preliminary objections include, in addition to a petition raising a question of jurisdiction, a demurrer alleging five grounds: plaintiffs "are guilty of laches"; the action "is barred by the applicable Statute of Limitations"; the trust instrument by its terms "relieves the trustee of any duty to account"; there is "a presumption that the trust was properly administered"; and the complaint "does not state a cause of action" against American Casualty Company.

The trial court dismissed the complaint "[a]fter hearing oral argument and reviewing the pleadings and briefs." Slip op. at 6. Sylvia Kehoe, John Kehoe, III, and Sylvia Ann Mack filed this appeal.

In its opinion in support of its order dismissing the complaint, the trial court states that "[s]ince the Demurrer will be sustained based on laches, the Court need not reach conclusions as to the other objections raised by the Defendants." *Id.* Therefore, we shall not consider all of the issues raised by the preliminary objections; the only issue before us is whether in finding laches, the trial court erred.[1]

In explaining its finding of laches, the trial court states: The pleadings in this case reveal certain significant factors:

1. No action was taken by Settlor against his Trustee for a period of almost six years even though during that time he should have been receiving the trust income.

2. The successor beneficiaries had knowledge of the trust's existence and eventually joined together to enforce their vested rights even though they were not possessory at that time as to all Plaintiffs.

3. Even though the account of a deceased trustee's fiduciary is due upon the death of a trustee, no request was made of Hazel E. Gilroy, Executrix for the Estate of Edmund B. Gilroy, for a period in excess of eight years. Slip op. at 5.

The court concludes its opinion by stating:

Under the circumstances presented, the Court believes it unjust to force the Trustee's widow to account for her husband's action with regard to the trust, now 12 years later.

---

**1.** We note that Hazel Gilroy did not plead laches. (As appears from her demurrer, which we have just quoted, she only pleaded, albeit without citation, the six year statute of limitations applicable to an action in assumpsit. 42 Pa.C.S.A. § 5527.) The trial court, however, treated both sets of preliminary objections as raising the issue of laches, slip op. at 3, and the propriety of so proceeding has not been questioned.

Since the liability of a surety is no greater than that of a principal, the Preliminary Objections with regard to the American Casualty Company .... are also sustained....

Slip op. at 6.

We are not persuaded by this reasoning.

Contrary to the trial court's statement, the pleadings in the case—the complaint and the preliminary objections—do not reveal the facts recited by the court. The preliminary objections are purely conclusory, alleging no facts in support of the plea of laches; the complaint, after alleging the terms and history of the trust and the death of Edmund Gilroy, trustee, and Frank Kehoe, settlor and life beneficiary, only alleges: that "Sylvia Kehoe, Plaintiff, has not received any income from said trust and is without knowledge as to the whereabouts or the amount of the principal or income of said trust" (Complaint, para. 15); that Edmund Gilroy "has wholly failed and refused to perform his obligations as Trustee of said trust in so far as he has failed to account to the Plaintiff and has concealed the amounts of principal and income of said trust" (*id.*, para. 16); that American Casualty Company "has wholly failed and refused to perform its obligations under the bond ... in so far as it has failed and refused to perform the objections of accounting and distribution of income and principal upon [Edmund Gilroy's] default...." (*id.*, para. 17); that John Kehoe, III, and Sylvia Ann Mack are each entitled to one-half the principal of the trust but are "without knowledge as to the whereabouts of the principal" (*id.*, paras. 19–20, 24–25); and that Edmund Gilroy "has concealed, absconded or otherwise failed" to account for the principal, and American Casualty Company has "failed and refused to pay [the principal] into said trust" (*id.*, paras. 21–22, 26–27).

■ We assume that the trial court derived its statement of the "significant factors" on which it based its decision from statements by counsel at oral argument. However, the record contains no transcript of the oral argument. We

are therefore obliged to conclude that the court's statement is unsupported by the record.

We need not however, rest our decision on this conclusion. If we assume that the trial court's statement of "significant factors" is accurate, and as appellants, Sylvia Kehoe, John Kehoe, III, and Sylvia Ann Mack have not challenged its accuracy, still the court's order must be reversed.

"While the defense of laches may be raised by preliminary objections, laches should never be declared unless the existence thereof is clear on the face of the record." *Estate of Marushak,* 488 Pa. 607, 610, 413 A.2d 649, 651 (1980) (citation omitted). This means that the party asserting laches must show, first, a delay arising from the other party's failure to exercise due diligence, and second, prejudice from the delay. *Id. See also Leedom v. Thomas,* 473 Pa. 193, 200, 373 A.2d 1329, 1332 (1977) (collecting cases). Whether this burden has been met is a factual question, answered by examining the circumstances of the particular case. *Leedom v. Thomas, supra,* 473 Pa. at 200–201, 373 A.2d at 1332–1333. *See Shapiro v. Shapiro,* 424 Pa. 120, 131, 224 A.2d 164, 170 (1966) (laches determined only after all circumstances of case examined): *Stahl v. First Pennsylvania Banking and Trust Co.,* 411 Pa. 121, 128, 191 A.2d 386, 390 (1963) (well-settled that complaint will be dismissed on preliminary objections only if laches clearly apparent) (collecting cases). It is not enough to show delay arising from failure to exercise due diligence; for "[l]aches will not be imputed where no injury has resulted to the other party by reason of the delay." *Brodt v. Brown,* 404 Pa. 391, 394, 172 A.2d 152, 154 (1961); *Estate of Marushak, supra; Leedom v. Thomas, supra; Bedillion v. W.A. Wilson Stave Co.,* 271 Pa.Super. 292, 413 A.2d 411 (1979).

In considering whether from the facts characterized by the trial court as "significant" it appears that appellants failed to exercise due diligence, it is important to distinguish two periods: the period from July 1, 1969 (the date of the

trustee's death) to January 10, 1975 (the date of the settlor's death); and the period from January 10, 1975 (when appellant Sylvia Kehoe was entitled to receive income from the trust), to January 24, 1977 (when appellants filed their complaint seeking an accounting and distribution of the trust).

■ It is possible that appellant Sylvia Kehoe failed to exercise due diligence during the first period, even though during that period she had no right to receive income from the trust. For if in fact the trustee did repudiate the trust, and Sylvia Kehoe knew of the repudiation, she might have brought her action earlier, even during her husband's lifetime, since she had a protectible future interest. *See* Restatement (Second) of Trusts § 219 (1959) and Comment e (beneficiary with future interest and knowledge of trustee's repudiation of trust may be guilty of laches where there is failure to sue before interest becomes possessory). And Comment g to § 219(2) states in part:

> Such repudiation [by the trustee] need not be in specific words; it may consist of conduct on the part of the trustee inconsistent with the existence of the trust. *Id.*

Similarly, John Kehoe, III, and Sylvia Ann Mack might have brought an action to protect their remainder interest.

■ However, it is not apparent that Sylvia Kehoe, John Kehoe, III, or Sylvia Ann Mack should have acted sooner. There may in fact have been a repudiation by the trustee: the complaint alleges that the trustee "failed and refused to perform his obligations ... in so far as he has concealed, absconded or otherwise failed to have accounted [to the beneficiaries]" (Complaint, paras. 21, 26); and the trial court states that "[i]t is undisputed that during the eight years following the Trustee's death no action was taken by either the Settlor or his widow against the estate of the Trustee" (Slip op. at 3). But the record does not disclose,

and the trial court does not say, either when the repudiation occurred, or when Sylvia Kehoe, John Kehoe, III, or Sylvia Ann Mack learned of it. The relevance of the fact that no action was brought by them before the settlor's death is therefore at least questionable.

But even if we assume, for the sake of argument, that an action might, and should, have been brought by appellants, Sylvia Kehoe, John Kehoe, III, and Sylvia Ann Mack, at some point during the five and one-half odd years between the death of the trustee, on July 1, 1969, and the death of the settlor, on January 10, 1975, still, it does not appear how appellees, Hazel Gilroy, as the trustee's executrix, and American Casualty Company, as his surety, have been prejudiced by appellants' delay in not bringing the action until January 1977. For to show prejudice, appellees must show that "some change in the condition or relations of the parties [occurred] during the period the complainant unreasonably failed to act." *Leedom v. Thomas, supra,* 473 Pa. at 201, 373 A.2d at 1333 (citing 2 J. Pomeroy, Equity Jurisprudence § 419d, at 177 (5th ed. 1941)). And appellees have shown no such change. What difference has appellants' (assumed) failure to exercise due diligence made? Have documents been lost? Have the trust assets been dissipated? Is it impossible to trace and recover them? Appellees don't say. True, two probable witnesses—the trustee and the settlor—have died. But that fact alone cannot support the trial court's order. Otherwise an accounting could never be required after the death of a settlor and his trustee. What appellees' argument comes down to is that simply because of the trustee's death, the settlor's death, and appellants' delay, no accounting is required. But that argument is without support in the law.

The order of the trial court dismissing the complaint on the grounds of laches is reversed, and the case is remanded so that the court may consider the remaining preliminary objections. We do not retain jurisdiction.