524 A.2d 520

**The NICHOLSON COMPANY, Appellant,**

**v.**

**PENNSY SUPPLY, INC.**

Superior Court of Pennsylvania.

Argued Nov. 20, 1986.

Filed April 14, 1987.

James F. Carl, Harrisburg, for appellant.

Brigid Q. Alford, Harrisburg, for appellee.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

JOHNSON, Judge:

During the fall of 1973 the Nicholson Company (hereinafter referred to as Nicholson) was the general contractor in the construction of an industrial storage silo at the Ralston Purina plant in Mechanicsburg, Pennsylvania. A problem arose during construction and Nicholson absorbed the costs of the delay. Nicholson alleged that the delay was caused by faulty concrete provided by Pennsy Supply, Inc. (hereinafter referred to as Pennsy). Suit was filed but discontinued when the parties executed a written agreement to submit their dispute to common law arbitration. The agreement to arbitrate designated Walter H. Price as an arbitrator with expertise in technical matters relative to the dispute.

Arbitration hearings were conducted on March 27 and 28, 1979. Following the conclusion of the hearings, Nicholson submitted two letters to the arbitrator from a materials and concrete consultant who had testified for Nicholson during the hearings. Pennsy objected to the submission of these letters. On May 28, 1979, the arbitrator rendered a written decision holding both parties responsible for the construction failure, with each to bear half of the cost. Pennsy then filed a petition to vacate the arbitration award, alleging that the award was invalid because of the *ex parte* presentation of post-hearing evidence. The Court of Common Pleas in Cumberland County affirmed the award and Pennsy appealed. On December 2, 1983, this Court reversed the lower court and vacated the arbitrator's award, holding that the *ex parte* submission of evidence after the hearings were closed denied Pennsy a fair hearing. *See Pennsy Supply, Inc. v. Nicholson Co.*, 321 Pa.Super. 475, 468 A.2d 808 (1983).

The subject matter of the present appeal is a Petition to Compel Arbitration filed by Nicholson on November 28, 1985. The Court of Common Pleas denied the motion by opinion and order dated April 30, 1986. Nicholson properly brings this appeal from the April 30, 1986 order. *See* 42 Pa.C.S. § 7342(a) and 42 Pa.C.S. § 7320(a)(1).

Appellant raises a single question for our review: "Should the controversy have been resubmitted to an arbitrator following vacation of the arbitration award by the Superior Court?" The trial court answered this question in the negative. In its written opinion, the court concluded that a controversy may not be resubmitted to an arbitrator once the arbitrator has rendered a final award, citing *Hartley v. Henderson*, 189 Pa. 277, 42 A. 198 (1899).

The arbitration in this case is governed by common law principles. *See Pennsy Supply v. Nicholson, supra,* 321 Pa.Super. at 479, n. 1, 468 A.2d at 810, n. 1. It is true that under common law arbitration, an arbitrator completely exhausts his authority when he has made and published a final award.

> He cannot correct mistakes in his award, or alter it to conform to his changed views.... He can do nothing more in regard to the arbitration or subject matter. He cannot reopen the case, nor make a new or supplemental award or report, nor alter or amend the award already made, nor file additional, explanatory, alternative or amendatory documents. What he has done must stand or fall without further aid or assistance from him.

*Hartley v. Henderson,* 189 Pa. at 282, 42 A. at 199. This is not to say, however, that a case may not be resubmitted to an arbitrator after the initial award has been *vacated* by court order. Both this Court and our Supreme Court have remanded common law cases for re-arbitration upon vacating an improper award. *See Bole v. Nationwide Insurance Co.,* 475 Pa. 187, 379 A.2d 1346 (1977); *James D. Morrisey, Inc. v. Gross Construction Co.,* 297 Pa.Super. 151, 443 A.2d 344 (1982). *See also Mellon v. Travelers Insurance Co.,* 267 Pa.Super. 191, 199, 406 A.2d 759, 763 (1979). We find

nothing in the common law of arbitration which required the dismissal of Nicholson's petition.

The second basis for the trial court's order turns on the scope of our previous decision in *Pennsy Supply v. Nicholson, supra.* There, a panel of this Court reversed the order confirming the arbitrator's award and vacated the award itself. *Id.,* 321 Pa.Super. at 482, 468 A.2d at 812. In denying Nicholson's subsequent petition to compel arbitration, the trial court noted that we did not remand the case for further arbitration proceedings. The court concluded that Nicholson's petition amounted to an improper attack upon the correctness of our previous decision. Pennsy now expounds upon this argument, referring to doctrines such as res judicata, collateral estoppel, and the "law of the case".

Pennsy's contentions are premised upon a misreading of our prior decision. In *Pennsy Supply v. Nicholson, supra,* the sole issue for our determination was the validity of the existing arbitrator's award. Pennsy brought that appeal seeking to vacate the award, and Nicholson sought to defend it. It was in no way litigated, nor did we consider, whether re-arbitration would have been proper. Nicholson's subsequent petition to compel arbitration does not challenge the propriety of the *Pennsy* decision. Having accepted the nullification of the initial award, Nicholson merely seeks to compel the arbitration to which it is entitled under the agreement.

Our Supreme Court has summarized the requirements for res judicata and collateral estoppel:

It is well settled that for the doctrine of res judicata to prevail there must be a concurrence of four conditions: 1) Identity of issues, 2) identity of causes of action, 3) identity of persons and parties to the action, and 4) identity of the quality or capacity of the parties suing or sued. With respect to collateral estoppel we have recently stated that a plea of collateral estoppel is valid if, 1) the issue decided in the prior adjudication was identical with the one presented in the latter action, 2) there was a final

judgment on the merits, 3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and 4) the party against whom it is asserted has had a full and fair opportunity to litigate the issue in question in a prior action.

*Safeguard Mutual Insurance Co. v. Williams,* 463 Pa. 567, 574, 345 A.2d 664, 668 (1975) (citations omitted). "Thus, for [Pennsy] to invoke either res judicata or collateral estoppel the issues presented [in the previous appeal] must be the same as those raised in the instant action." *Id.,* 463 Pa. at 575, 345 A.2d at 668. This principle holds true for the law of the case doctrine as well. *See Commonwealth v. Tick,* 431 Pa. 420, 246 A.2d 424 (1968); *Roskwitalski v. Reiss,* 338 Pa.Super. 85, 90, 487 A.2d 864, 867 (1985); *City of Philadelphia v. Stradford Arms, Inc.,* 1 Pa.Commw. 190, 274 A.2d 277 (1971). Because the issues now before us are outside the parameters of our previous decision, Pennsy's arguments must be rejected.

■ Finally, Pennsy argues that Nicholson's petition is barred by the equitable doctrine of laches. In support of this argument, Pennsy points to the fact that construction activity began thirteen years ago, that the initial arbitration occurred more than seven and one-half years ago, and that Walter H. Price, the designated arbitrator, may have passed away since the 1979 arbitration. It must be remembered, however, that the relevant delay is the two year period between our decision in *Pennsy, supra,* (filed December 2, 1983) and Nicholson's petition to compel arbitration (filed November 27, 1985). In order to prevail on its assertion of laches, Pennsy must establish 1) a delay arising from Nicholson's failure to exercise due diligence, and 2) prejudice resulting from the delay. *See Class of 200 Administrative Faculty Members v. Scanlon,* 502 Pa. 275, 466 A.2d 103 (1983); *Kehoe v. Gilroy,* 320 Pa.Super. 206, 212, 467 A.2d 1, 4 (1983). Assuming that the two year delay was unjustified, Pennsy must nevertheless show that "some change in the condition or relations of the parties occurred *during the period [Nicholson] unreasonably failed to act." Kehoe,*

*supra,* 320 Pa.Super. at 214, 467 A.2d at 5, *quoting Leedom v. Thomas,* 473 Pa. 193, 201, 373 A.2d 1329, 1333 (1977) (emphasis added). This Pennsy has failed to do.

For the foregoing reasons, we reverse the order of the court below and remand the case for arbitration. Should the trial court find that the designated arbitrator, Walter H. Price, is no longer living or is otherwise unable to render a fair and impartial decision, then the court shall appoint a new arbitrator pursuant to 42 Pa.C.S. § 7305. This provision is expressly applicable to common law arbitration agreements. See 42 Pa.C.S. § 7342.

Order reversed and case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.