NOTICE
This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (4th) 190102-U

NO. 4-19-0102

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
March 20, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| CITY COLLEGES OF CHICAGO, DISTRICT 508, | ) | Review of Order of the |
| Petitioner, | ) | Illinois Educational Labor |
| v. | ) | Relations Board |
| THE ILLINOIS EDUCATIONAL LABOR | ) | No. 2018-CA-0012-C |
| RELATIONS BOARD and CITY COLLEGES | ) | |
| CONTINGENT LABOR ORGANIZING | ) | |
| COMMITTEE, IEA-NEA, | ) | |
| Respondents. | ) | |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the Board did not err in finding City Colleges violated section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the underlying grievance where there is no binding arbitration decision on the contractual question of whether City Colleges' treatment of the SURS annuitants violated the collective bargaining agreement.

¶ 2    City Colleges of Chicago, District 508 (City Colleges) seeks direct review of a

decision of the Illinois Educational Labor Relations Board (Board), finding City Colleges

violated section 14(a)(1) of the Illinois Educational Labor Relations Act (Act) (115 ILCS

5/14(a)(1) (West 2016)), when it refused to re-arbitrate a grievance—brought by City Colleges

Contingent Labor Organizing Committee, IEA-NEA (Union)—after the Board, in a prior

proceeding (*City Colleges Contingent Labor Organizing Committee, IEA-NEA & City Colleges

of Chicago, District 508*, 34 PERI ¶ 24 (IELRB 2017)) (hereafter, IELRB case No. 2016-CA-

0039-C), found the initial arbitration award not binding due to a procedural error by the arbitrator.

¶ 3        On appeal, City Colleges argues the Board erred in finding it violated section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance where (1) the parties previously arbitrated the underlying grievance pursuant to section 10(c) of the Act (115 ILCS 5/10(c) (West 2016)) and (2) the Union failed to appeal the Board's decision in IELRB case No. 2016-CA-0039-C, after the Board found the arbitration award was not binding on procedural grounds. For the following reasons, we affirm.

¶ 4                                    I. BACKGROUND

¶ 5        The Union represents a bargaining unit of part-time adjunct faculty and part-time librarians employed by City Colleges. The collective bargaining agreement between City Colleges and the Union contains a grievance procedure culminating in "final and binding" arbitration. The grievance procedure does not address re-arbitration. The collective bargaining agreement remained in force throughout the time period relevant to this appeal.

¶ 6        City Colleges' employees, including bargaining unit employees, participate in the State University Retirement System (SURS). A SURS annuitant is an individual who is receiving a retirement annuity from SURS based on work previously performed for a covered employer. In 2012, the Illinois General Assembly enacted Public Act 97-0968 (eff. Aug. 16, 2012) (adding 40 ILCS 5/15-139.5(b)(2)), which provided that if a SURS annuitant received a certain level of income that exceeded a 40% threshold of that person's highest salary at a SURS employer, the employer would be penalized and have to pay their retirement costs for that year. In response, City Colleges adopted a new policy regulating the hiring and continued employment

of SURS annuitants, resulting in the termination of most of its part-time faculty that were SURS annuitants.

¶ 7 In May 2014, the Union filed a grievance on behalf of those part-time faculty who were SURS annuitants seeking their continued employment. In October 2014, the grievance proceeded to arbitration after the parties were unable to resolve the grievance through preliminary steps provided for in the collective bargaining agreement.

¶ 8 At the May 15, 2015, arbitration hearing, the arbitrator granted City Colleges' request to file a written brief instead of making an oral closing argument. The arbitrator set June 30, 2015, as the due date for City Colleges' brief. However, on June 15, 2015, prior to the due date for City Colleges to file its written brief, the arbitrator issued a decision on the grievance. The arbitrator found City Colleges violated the collective bargaining agreement and ordered City Colleges to rehire the adversely affected SURS annuitants.

¶ 9 Upon recognizing his error in issuing a decision before City Colleges' submission of its brief, the arbitrator offered to consider the decision a preliminary draft and issue a final award after reviewing City Colleges' brief. City Colleges declined to file a brief stating the award was invalid and suggested re-arbitration with a new arbitrator. On July 28, 2015, the arbitrator communicated to the parties that in light of City Colleges' refusal to accept the June 15, 2015, decision as a preliminary draft, the decision would stand as the final award. City Colleges refused to comply with the arbitrator's final award.

¶ 10 A. IELRB Case No. 2016-CA-0039-C

¶ 11 On December 15, 2015, the Union filed with the Board an unfair labor practice charge against City Colleges alleging City Colleges violated sections 14(a)(1) and 14(a)(8) of the Act (115 ILCS 5/14(a)(1), (8) (West 2014)), by failing and refusing to comply with the final and

binding arbitration award. The Board issued a complaint, and in October 2016, an Administrative Law Judge (ALJ) conducted a hearing on the matter. On February 15, 2017, the ALJ issued a recommended decision and order dismissing the complaint in its entirety, finding the arbitrator's award was not binding and that City Colleges did not violate the Act by refusing to comply with the arbitration award. The ALJ stated, "Fairness requires the matter be reheard by an arbitrator other than [the original arbitrator]."

¶ 12        After the issuance of the ALJ's recommended decision, the Union requested—in a letter to City Colleges—re-arbitration of the underlying grievance regarding the SURS annuitants. City Colleges declined to re-arbitrate.

¶ 13        On July 20, 2017, the Board issued an opinion and order (IELRB case No. 2016-CA-0039-C), agreeing with the ALJ that the arbitration award was not binding, and that City Colleges did not violate the Act. The Board did not address or order re-arbitration. The Union did not seek judicial review of the Board's final administrative decision.

¶ 14        Following the Board's decision, the Union again sought re-arbitration. City Colleges refused to re-arbitrate the matter arguing that it already arbitrated the grievance.

¶ 15                                B. This Case

¶ 16        On August 30, 2017, the Union filed with the Board a second unfair labor practice charge against City Colleges alleging City Colleges violated section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance after the Board found the initial arbitration award was not binding due to a procedural error by the arbitrator. The Board issued a complaint, and in April 2018, an ALJ conducted a hearing on the matter. On August 8, 2018, the ALJ issued a recommended decision and order finding City Colleges violated section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance.

¶ 17    On January 17, 2019, the Board issued an opinion and order (*City Colleges Contingent Labor Organizing Committee, IEA-NEA & City Colleges of Chicago, District 508*, 35 PERI ¶ 119 (IELRB 2019)), adopting the ALJ's recommended decision finding City Colleges violated section 14(a)(1) of the Act and ordered City Colleges to arbitrate the SURS annuitants' grievance.  Specifically, the Board determined the arbitration process had not been completed where the original arbitration award was found not to be binding based on error in the procedure employed by the arbitrator.

¶ 18    This appeal followed.

¶ 19                              II. ANALYSIS

¶ 20    On appeal, City Colleges argues the Board erred in finding it violated section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance where (1) the parties previously arbitrated the underlying grievance pursuant to section 10(c) of the Act (115 ILCS 5/10(c) (West 2016)) and (2) the Union failed to appeal the Board's decision in IELRB case No. 2016-CA-0039-C, after the Board found the arbitration award was not binding on procedural grounds. The Union and the Board disagree with City Colleges and argue re-arbitration is proper where there is no binding arbitration decision on the contractual question of whether City Colleges' treatment of the SURS annuitants violated the collective bargaining agreement.  For the following reasons, we affirm.

¶ 21                         A. Standard of Review

¶ 22    Before reaching the merits of this appeal, we must first determine the applicable standard of review.  "The Act provides that a final order of the Board is subject to judicial review pursuant to the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2010)), taken directly to the appellate court."  *Board of Education of the City of Chicago v. Illinois*

*Educational Labor Relations Board*, 2015 IL 118043, ¶ 14, 69 N.E.3d 809 (citing 115 ILCS 5/16(a) (West 2010)). "Under the Administrative Review Law, the scope of judicial review extends to all questions of law and fact presented by the record before the court." *Id.* (citing 735 ILCS 5/3-110 (West 2010)). "The applicable standard of review, which determines the degree of deference given to the agency's decision, depends on whether the issue presented is a question of law, fact, or a mixed question of law and fact." *Id.* (citing *AFM Messenger Services, Inc., v. Department of Employment Security*, 198 Ill. 2d 380, 390, 763 N.E.2d 272, 279 (2001)).

¶ 23        City Colleges argues the Board's decision presents a question of law and is subject to *de novo* review where the case involves the Board's interpretation of section 16(a) of the Act and the Administrative Review Law. See 115 ILCS 5/16(a) (West 2016); see also *Branson v. Department of Revenue*, 168 Ill. 2d 247, 254, 659 N.E.2d 961, 965 (1995). However, the Union contends that the clearly erroneous standard of review is appropriate because this case presents a mixed question of law and fact. See *Board of Education of the City of Chicago*, 2015 IL 118043, ¶ 16. We agree with the Union.

¶ 24        "A mixed question of law and fact asks the legal effect of a given set of facts. In resolving a mixed question of law and fact, a reviewing court must determine whether established facts satisfy applicable legal rules. An agency's conclusion on a mixed question of law and fact is reviewed for clear error." *Id.* "A decision is 'clearly erroneous' when the reviewing court is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *AFM Messenger*, 198 Ill. 2d at 391-95). We review the Board's determination of whether City Colleges violated section 14(a)(1) of the Act when it refused to re-arbitrate the grievance under the clearly erroneous standard.

¶ 25                B. Re-arbitration of the Underlying Grievance

¶ 26                          1. *Binding Arbitration*

¶ 27          City Colleges argues it did not violate section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance because the parties previously arbitrated the underlying grievance pursuant to section 10(c) of the Act (115 ILCS 5/10(c) (West 2016)).  The Union disagrees and argues the Board correctly determined re-arbitration is proper because—due to the arbitrator's procedural error—there is no binding arbitration decision on the contractual question of whether City Colleges' treatment of the SURS annuitants violated the collective bargaining agreement.

¶ 28          Section 10(c) of the Act provides, "The collective bargaining agreement negotiated between representatives of the educational employees and the educational employer shall contain a grievance resolution procedure which shall apply to all employees in the unit and shall provide for *binding arbitration* of disputes concerning the administration or interpretation of the agreement."  (Emphasis added.) 115 ILCS 5/10(c) (West 2016).  Pursuant to section 10(c) of the Act, the parties' collective bargaining agreement states in Article IX(C)(7) that "The arbitrator's decision shall be final and binding upon the parties."

¶ 29          Here, the parties never obtained a binding arbitration decision on the grievance because in IELRB case No. 2016-CA-0039-C, the Board found the arbitration award was not binding due to the arbitrator's procedural error.  Therefore, the Board never reached the merits of the underlying grievance.  In the absence of a binding arbitration on the merits, the Board found City Colleges violated section 14(a)(1) of the Act when it refused to re-arbitrate the grievance.

¶ 30          City Colleges argues the grievance is no longer arbitrable because the parties previously arbitrated the grievance.  However, City Colleges concedes the grievance is otherwise arbitrable.  We note that City Colleges takes the opposite position it once supported.  Prior to the

- 7 -

Board's decision in IELRB case No. 2016-CA-0039-C, City Colleges suggested re-arbitration where the arbitrator filed the arbitration decision prior to City Colleges' filing its brief. Once the Board found the arbitration award to not be binding, City Colleges refused to re-arbitrate.

¶ 31 While the collective bargaining agreement does not address re-arbitration, a binding arbitration decision on the grievance is required. Therefore, we find the Board did not err in finding City Colleges violated section 14(a)(1) of the Act when it refused to re-arbitrate the grievance because the arbitration process failed to yield a binding arbitration decision. See *Hahn v. A.G. Becker Paribas, Inc.*, 164 Ill. App. 3d 660, 671-72, 518 N.E.2d 218, 226 (1987); *Henley v. Economy Fire & Casualty Company*, 153 Ill. App. 3d 66, 73, 505 N.E.2d 1091, 1095 (1987). By refusing to re-arbitrate the grievance, City Colleges deprives the Union of its right to a binding arbitration decision of the grievance provided for by the collective bargaining agreement.

¶ 32 Furthermore, section 15 of the Act (115 ILCS 5/15 (West 2016)), provides the Board with extensive supervisory powers over labor disputes. See *Chicago Teachers Union, Local 1, American Federation of Teachers, AFL-CIO v. Illinois Educational Labor Relations Board et al.*, 344 Ill. App. 3d 624, 631, 800 N.E.2d 475, 479-80 (2003). Thus, we find it appropriate for the Board to order re-arbitration on the contractual question of whether City Colleges' treatment of the SURS annuitants violated the collective bargaining agreement.

¶ 33                    2. *Failure to Appeal*

¶ 34 City Colleges next argues it did not violate section 14(a)(1) of the Act (115 ILCS 5/14(a)(1) (West 2016)), by refusing to re-arbitrate the grievance because the Board's decision in IELRB case No. 2016-CA-0039-C was final, and the Union failed to appeal the decision to the

appellate court.  In support of its argument, City Colleges looks to section 16(a) of the Act (115

ILCS 5/16(a) (West 2016)).  Section 16(a) provides,

> "A charging party or any person aggrieved by a final order of the
>
> Board granting or denying in whole or in part the relief sought may
>
> apply for and obtain judicial review of an order of the Board
>
> entered under this Act in accordance with the provisions of the
>
> Administrative Review Law, as now or hereafter amended, except
>
> that such judicial review shall be taken directly to the Appellate
>
> Court of a judicial district in which the Board maintains an office.
>
> Any direct appeal to the Appellate Court shall be filed within 35
>
> days from the date that a copy of the decision sought to be
>
> reviewed was served upon the party affected by the decision."  115
>
> ILCS 5/16(a) (West 2016).

¶ 35        The Union concedes that the Board's order in IELRB case No. 2016-CA-0039-C

was a final, appealable order.  However, the Union agrees with the Board that re-arbitration is

permissible because IELRB case No. 2016-CA-0039-C and this case involve different types of

violations.

¶ 36        IELRB case No. 2016-CA-0039-C involved an unfair labor practice charge

against City Colleges alleging it violated section 14(a)(1) and 14(a)(8) of the Act by failing and

refusing to comply with the arbitration award.  This case involves an unfair labor practice charge

against City Colleges alleging it violated section 14(a)(1) of the Act by refusing to arbitrate the

grievance after the Board found the initial arbitration award was not binding due to a procedural

error by the arbitrator.  Here, the Board found that its "decision in [IELRB] Case No. 2016-CA-

0039-C did not decide the grievance or whether [City Colleges] was required to arbitrate the grievance. Rather, the Board's decision concerned whether [City Colleges] was required to comply with the arbitrator's award given the procedure he employed. The two cases concern two different types of violations." 34 PERI ¶ 24 (IELRB 2019).

¶ 37 The Board relied on *Nicholson Co. v. Pennsy Supply, Inc.*, 362 Pa. Super. 307, 524 A.2d 520 (1987) and *Production and Maintenance Employees' Local 504, Laborers' International Union of North America, AFL-CIO v. Roadmaster Corp.*, 916 F.2d 1161 (1990), in support of its decision.

¶ 38 In *Nicholson*, Pennsy Supply filed a petition in the trial court to compel arbitration following an appellate decision to vacate the initial arbitration award as invalid due *to ex parte* presentation of post-hearing evidence. 362 Pa. Super. at 309. The trial court denied the petition finding, "the controversy may not be resubmitted to an arbitrator once the arbitrator has rendered a final award." *Id.* In reversing, the Pennsylvania Superior Court held, "[T]he controversy subject to common-law arbitration could be resubmitted to arbitrator following vacation of initial award by superior court." The superior court stated the sole issue it determined in the previous case was the validity of the existing arbitration award, and that it did not consider whether re-arbitration would have been proper. *Id.* at 310. Nicholson Company's subsequent petition to compel arbitration did not challenge the propriety of the prior decision; rather, the court stated the company was merely seeking arbitration to which it was entitled under the agreement. *Id.*

¶ 39 In *Roadmaster*, 916 F.2d at 1162, the union sought a second arbitration after the district court refused to enforce an existing arbitration award where the arbitrator failed to consider the contract in question. When the district court found a second arbitration appropriate because the first arbitration failed to reach the merits, Roadmaster appealed arguing the doctrine

of preclusion prevented a second arbitration. The court of appeals affirmed and granted a second arbitration, noting that the union was not improperly seeking reexamination of a decision on the merits but "an initial decision about the meaning of a collective bargaining agreement." *Id.*

¶ 40    City Colleges distinguishes *Nicholson* and *Roadmaster* from this case by arguing neither case involves the Act and, instead, relies on *Chicago Teachers Union*, 344 Ill. App. 3d at 633, to support its argument that where the Board vacates an arbitration award and does not remand the case to the arbitrator, the appellate court has sole jurisdiction to review that decision.

¶ 41    In *Chicago Teachers Union*, 344 Ill. App. 3d at 633, the first district stated, "[H]ad the [Board] determined that the arbitrator's award reinstating [the teacher] was not binding and that the school board did not commit an unfair labor practice by not complying with the nonbinding award, *but not remanded the matter to the arbitrator*, the decision would be a final order and this court would have jurisdiction to review that decision." (Emphasis in original.) First, we note the language in *Chicago Teachers Union* upon which City Colleges relies is *dicta*. Moreover, we believe the outcome in this matter hinges on the absence of a binding arbitration decision on the merits. The absence of a binding decision on the merits was not at issue in *Chicago Teachers Union*. Instead, the remand resulted in order to provide a proper remedy after a legitimate finding of a violation.

¶ 42    Ultimately, we agree with City Colleges that the Board's decision in IELRB case No. 2016-CA-0039-C was a final order. However, we find that the Board correctly determined that "the two cases concern two different types of violations." Therefore, the Union's failure to appeal IELRB case No. 2016-CA-0039-C, does not preclude re-arbitration of the underlying grievance.

¶ 43    In addition to finality, City Colleges argues the Union waived its right to seek re-arbitration because it failed to ask the Board to order re-arbitration of the grievance in IELRB case No. 2016-CA-0039-C.  See *Carpetland U.S.A., Inc., v. Illinois Department of Employment Security*, 201 Ill. 2d 351, 396-97, 776 N.E.2d 166, 192 (2002)) (holding that arguments not raised before an agency are waived for purposes of administrative review).  The Board rejected City Colleges waiver argument finding that the Union did not clearly and unmistakably waive its right to arbitration.

¶ 44    "The contractual waiver of a statutory right in a labor agreement must be 'clear and unmistakable.' "  *State of Illinois Department of Central Management Services v. State of Illinois Labor Relations Board, State Panel*, 373 Ill. App. 3d 242, 256, 869 N.E.2d 274, 285 (2007) (quoting *American Federation of State, County and Municipal Employees v. State Labor Relations Board*, 274 Ill. App. 3d 327, 334, 653 N.E.2d 1357, 1362 (1995)).  "The language of the contract must evince an 'unequivocal intent' to relinquish the relevant statutory right; waiver is never presumed and the language sustaining the waiver must be specific."  *Id.*

¶ 45    Here, the Union did not clearly and unmistakably waive its right to arbitration when it sought enforcement of the original arbitration award and failed to ask the Board to remand the grievance for re-arbitration in IELRB case No. 2016-CA-0039-C.  The Union was under no obligation to ask for remand to re-arbitrate the grievance where the underlying issue was whether the arbitration award was binding on the parties.

¶ 46    Under the circumstances of this case, we find the Board did not err in finding City Colleges violated section 14(a)(1) of the Act by refusing to re-arbitrate the grievance where there is no binding arbitration decision on the contractual question of whether City Colleges' treatment

of the SURS annuitants violated the collective bargaining agreement. Therefore, we affirm the Board's decision.

¶ 47                                    III. CONCLUSION

¶ 48           For the foregoing reasons, we affirm the Board's decision.

¶ 49           Affirmed.